UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CR. ACTION NO. 99-10028** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **LEROY LOWE, III** | **MAG. JUDGE JAMES D. KIRK** |

**RULING**

Based on the amendments to the United States Sentencing Guidelines implementing the Fair Sentencing Act of 2010, Publ. L. 111-220, this matter is before the Court pursuant to 18 U.S.C. § 3582(c)(2).

On January 18, 2012, the Court issued a Memorandum Order [Doc. No. 48] stating that, having reviewed the Probation Office's re-calculation of the applicable Guideline range of imprisonment and the record in this matter, including the Pre-Sentence Report, the Court did not intend to reduce Defendant Leroy Lowe, III's ("Lowe") term of imprisonment.

On February 7, 2012, the Government filed a memorandum stating that it had no objection to the Court's determination and that it did not request a hearing.

However, on February 15, 2012, the Office of the Federal Public Defender, assigned to represent Lowe, filed memorandum [Doc. No. 50] objecting to the Court's determination.  On February 29, 2012, the Government filed a response [Doc. No. 51] to Lowe's objection.

Lowe pleaded guilty to possession with intent to distribute cocaine base on February 8, 2000.  At the sentencing hearing held on July 5, 2000, it was determined that Lowe was involved in the distribution of 218 grams of cocaine base.  Then-presiding Judge F.A. Little, Jr., determined that Lowe's applicable offense level was 33 and his criminal history category was VI.   Because Lowe had four prior felony drug convictions and one prior conviction for possession of a firearm by a

convicted felon, Judge Little sentenced him to a statutorily required term of life imprisonment.

On July 25, 2002, Judge Little granted a motion filed by the Government pursuant to Federal Rule of Criminal Procedure 35(b).  Judge Little found that Lowe had substantially assisted the Government and reduced his term of imprisonment to 264 months.

Under the amendments to Section 2D1.1 of the United States Sentencing Guidelines Manual ("the Guidelines") implementing the Fair Sentencing Act, the Probation Office determined that Lowe would now have a total offense level of 29 and a criminal history of VI for a recommended range of 151-188 months imprisonment, although Lowe's statutory minimum sentence remains life imprisonment.

The Supreme Court set forth a two-step test for determining whether a court should reduce a defendant's sentence under § 3582(c)(2).  *Dillon v. United States*, 130 S.Ct. 2683, 2691–92 (2010).  The sentencing court first considers whether the modification is authorized.  *Id.* at 2691.  A sentence modification is authorized if it "is consistent with applicable policy statements issued by the Sentencing Commission—namely, § 1B1.10" of the Guidelines.  *Id.* (citation and internal marks omitted). Then the sentencing court considers whether a modification is warranted based on the applicable factors under 18 U.S.C. § 3553(a) and "'the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment.'"  *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008) (quoting U.S.S.G. § 1B1.10 cmt. n. 1(B) (2008)). The sentencing court may also "consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment."  *Id.*

The parties agree that the Court is authorized to modify Lowe's sentence, but, as the Government points out, it is within the Court's discretion to determine whether a modification is warranted.  After considering those factors set forth in 18 U.S.C. § 3553(a) and the amended

Guideline range, as well as the parties' memoranda, the Court finds that no further reduction is warranted in this case. Lowe had a significant history of drug trafficking, as well as a prior conviction for possession of a firearm by a convicted felon. As a result of the Government's Rule 35 motion, he received a substantial reduction from a life sentence to 264 months imprisonment. Finally, as noted in the report from the Probation Office, Lowe has been disciplined a number of times during his term of imprisonment. Several of those disciplinary actions indicate that Lowe continues to engage in insolent behavior towards prison staff and fighting with other inmates. Under these circumstances, the Court will not order a further reduction in his term of imprisonment.

For the foregoing reasons, Lowe will continue to serve the 264-month term of imprisonment previously imposed.

MONROE, LOUISIANA, this 12th day of April, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE